IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BARRY SHAFFER and KIMBERLY SHAFFER,** | : | |
| | : | **Civil Action No. 1:13-cv-01837** |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.,** | : | |
| | : | **Judge Sylvia H. Rambo** |
| **Defendant** | : | |

# M E M O R A N D U M

On February 14, 2014, following a conference call with the parties related to a discovery dispute concerning Defendant's redactions to its claims log and based on the representations of counsel, the court ordered Defendant to submit unredacted versions of all redacted and partially redacted pages of the claims log to the court for an *in camera* review.   The court has reviewed the claims log and considered the parties' positions with regard to the contested information.  Thus, this dispute is ripe for disposition.

## I.        Background

Because the court writes primarily for the parties, it only need set forth the following details essential to explain its reasoning.

This case arises out of a September 5, 2008 motor vehicle accident involving Plaintiff Barry Shaffer.  Plaintiff claims that he sustained painful and severe injuries as a result of the accident, including injuries to his neck, head, and back.  He has lost income and incurred costs for medical treatment, therapy, and similar miscellaneous expenses.  Defendant State Farm Mutual Automobile Insurance insured Plaintiff and his wife, Plaintiff Kimberley Shaffer, at the time of

the accident.  With State Farm's consent, Plaintiffs settled their claim with the other driver and sought additional coverage under the underinsured motorist ("UIM") provision in their policy.

Plaintiffs' UIM policy provided benefits of $100,000 per person and allowed for stacking of coverage, totaling $200,000 on the policy.  On March 12, 2012, Plaintiffs submitted a demand to State Farm requesting settlement in the amount of $150,000, an amount less than the available UIM limits of $200,000.  Plaintiffs have provided State Farm with medical records and other information to assist in evaluating the claim.  According to Plaintiffs, State Farm has not made an offer of settlement.

Plaintiffs filed a complaint in the Dauphin County Court of Common Pleas on May 31, 2013, which was removed to this court by State Farm on July 3, 2013.  (Doc. 1.)  Plaintiffs assert claims for breach of contract (Count I) and a violation of Pennsylvania's Bad Faith Statute, 42 Pa. Cons. Stat. § 8371 (Count II).  (Doc. 1-1.)  On July 10, 2013, State Farm filed a motion to dismiss for failure to state a claim, challenging only Plaintiff's bad faith claim, which the court denied.  (Doc. 13.)  The parties are currently engaged in fact discovery that is set to conclude on March 28, 2014.  (Doc. 17.)  Plaintiffs' counsel contacted the court about the instant discovery dispute regarding the redacted portions of the claims log.  The court has reviewed the unredacted and partially redacted pages of the claims log *in camera*.

## II.        <u>Legal Standard</u>

Federal Rule of Civil Procedure 26(b)(1) provides for a broad scope of discovery, recognizing that the "mutual knowledge of all the relevant facts gathered

by both parties is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507-08 (1947).  Accordingly, under this rule, relevance is broader than admissibility at trial, in the sense that it "is allowed 'if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.'" *Josephs v. Harris Corp.*, 677 F.2d 985, 991 (3d Cir. 1982) (quoting Fed. R. Civ. P. 26(b)(1)).  Although the discovery rules should generally be given broad and liberal treatment, these rules, like all of the Federal Rules of Civil Procedure, are subject to the overarching philosophy of Rule 1 that they "be construed to secure the just, speedy, and inexpensive determination of every action."  Fed. R. Civ. P. 1.  In keeping with this instruction, the relevance requirement of Rule 26(b)(1) must be "firmly applied." *Herbert v. Lando*, 441 U.S. 153, 177 (1979) (quoting Fed. R. Civ. P. 26(c)). Relevance is defined in Rule 401 of the Federal Rules of Evidence, which states that "relevant evidence" is evidence having "any tendency to make [the existence of] a fact [that is of consequence to the determination of the action] more or less probable than it would be without the evidence."  Fed. R. Evid. 401.

**III.**      **Discussion**

   **A.**   **Underlying Claims**

   Plaintiffs claim State Farm breached the UIM policy.  To establish a breach of contract claim in Pennsylvania, one must prove: "(1) the existence of a contract, including its essential terms[;] (2) a breach of a duty imposed by the contract[;] and (3) resultant damages." *McShea v. City of Phila.*, 995 A.2d 334, 340 (Pa. 2010).  Plaintiffs further claim that State Farm's conduct in investigating their claim constitutes bad faith.  To recover under the bad faith statute, one must show, by clear and convincing evidence: "(1) that the insurer lacked a reasonable basis for

denying benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis." *Klinger v. State Farm Mut. Auto. Ins. Co.*, 115 F.3d 230, 233 (3d Cir. 1997) (citing *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. Ct. 1994)); *Kojsza v. Scottsdale Ins. Co.*, Civ. No. 3:12-cv-1602, 2014 WL 198569, *6 (M.D. Pa. Jan. 15, 2014) (citing *Post v. St. Paul Travelers Ins. Co.*, 691 F.3d 500, 523 (3d Cir. 2012)) ("Bad faith must be proven by clear and convincing evidence.").

Actionable bad faith encompasses behavior beyond the denial of a claim without a reasonable basis, including an insurer's investigation of a claim. "[T]he broad language of [S]ection 8371 was designed to remedy all instances of bad faith conduct by an insurer . . . . Therefore, . . . [a]n action for bad faith may also extend to the insurer's investigative practices." *Hollock v. Erie Ins. Exch.*, 842 A.2d 409, 415 (Pa. Super. Ct. 2004) (internal quotation marks and citations omitted). Implicit in the statute is "the requirement that the insurer properly investigate claims prior to refusing to pay the proceeds of the policy to its insured." *Bombar v. West Am. Ins. Co.*, 932 A.2d 78, 92 (Pa. Super. Ct. 2007).

The insurer may defeat a claim of bad faith by "showing that it had a reasonable basis for its actions." *Post*, 691 F.3d at 522. Even questionable conduct giving the appearance of bad faith is insufficient to establish bad faith so long as the insurer had a reasonable basis to deny coverage. *Id.* at 523.

## B.   Instant Dispute

The parties dispute whether Plaintiffs are entitled to have access to the entire claims file created by State Farm pertaining to the UIM claim. While State Farm has submitted the claims file to Plaintiffs pursuant to a discovery request, it has

redacted significant portions thereof.  Plaintiffs request the court to permit discovery of the entire file.  In an effort to resolve the instant dispute, the court ordered State Farm to submit unredacted versions of the redacted portions of the claims file to the court for an *in camera* review.[1]

An insurer-defendant's claims file may be discoverable in a bad faith case like this one, as information in that file on the defendant's actions related to the claim is relevant or could lead to potentially relevant information.  *See, e.g.*, *Robertson v. Allstate Ins. Co.*, Civ. No. 98-cv-4909, 1999 WL 179754, *3 (E.D. Pa. Mar. 10, 1999) (finding that the plaintiff could discover claims file in bad faith case, but applying the work product doctrine to limit the plaintiff's attempt to discover "the unredacted UIM claims file and all documents associated with the file").  However, the work product privilege protects "the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation."  *United Coal Cos. v. Powell Const. Co.*, 839 F.2d 958, 966 (3d Cir. 1988).  The work product doctrine is not applicable merely because the material was prepared by or for the agents of an insurer.  *Id*.  An insurer's attorney "may invoke work product protection in favor of documents prepared by it in anticipation of litigation," but Rule 26(b)(3) was "not intended to protect all insurance claim files from discovery."  *Mattison v. Imbesi*, Civ. No. 97-cv-2736, 1998 WL 720061, *2 (E.D. Pa. Oct. 6, 1998).  "An insurance company cannot reasonably argue that the entirety of its claims files are accumulated in anticipation

---

[1]  During the conference call with the parties pertaining to this discovery dispute, the court requested that State Farm submit to the court an explanation for its redactions in conjunction with its submission of the claims file.  State Farm failed to do so, and thus, the court will presume that State Farm is invoking the work product privilege.

of litigation when it has a duty to investigate, evaluate[,] and make a decision with respect to claims made on it by its insureds." *Id.* (quoting *Lyvan v. Harleysville Ins. Co.*, Civ. No. 93-cv-6145, 1994 WL 533907, *3 (E.D. Pa. Sept. 29, 1994)).

The court has reviewed the redacted portions of the claims file to determine which portions are subject to privilege. In doing so, the court was unable to determine the basis for much of the redaction, but notes that several portions were likely redacted because the pages contained information pertaining to reserves or the insurance adjusters' impressions or conclusions. The court will address each in turn.

## 1.   Reserves

State Farm has redacted all information in the claims file pertaining to reserves. "An insurance reserve is a pool of funds allocated to satisfy obligations that may arise under a claim." *Peco Energy Co. v. Insurance Co. of N. Am.*, 852 A.2d 1230, 1232 n.3 (Pa. Super. Ct. 2004). Pennsylvania law "requires insurance companies to set aside reserves upon notice of potential losses under their policies." *Fidelity & Deposit Co. of Md. v. McColloch*, 168 F.R.D. 516, 525 (E.D. Pa. 1996) (citing 40 P.S. § 71). There is competing treatment of whether reserve information is discoverable in a bad faith lawsuit. Some courts have determined that information related to reserve values is not discoverable. *See, e.g.*, *Kaufman v. Nationwide Mut. Ins. Co.*, Civ. No. 97-cv-1114, 1997 WL 703175, *1 (E.D. Pa. 1997) ("[P]rocedure for setting reserves . . . is confidential information which a court should not order to be disclosed unless the relevance of the information is clear and disclosure is necessary."). Other courts, however, have found that "reserves, of course, must have some relationship to the insurer's estimation of the insured's potential liability. Otherwise, the setting aside of reserves would serve little, if any purpose." *North*

*River Ins. Co. v. Greater N.Y. Mut. Ins. Co.*, 872 F. Supp. 1411, 1412 (E.D. Pa. 1995).  Thus, the amount set aside for reserves "is certainly germane to any analysis [the defendant-insurer] made of" the claim's value and is relevant to the determination of whether the defendant-insurer acted in bad faith in processing the claim.  *Id.*

Since Plaintiffs claim State Farm has acted in bad faith during its investigation of their UIM claim, the amount set aside for reserves is relevant to the determination of whether State Farm acted in bad faith in processing the claim, and therefore, the court will order disclosure of such information.

## 2.   Insurance Adjuster's Impressions, Conclusions, and Opinions

State Farm has also redacted portions of the claims file which include the insurance adjusters' impressions, conclusions, and opinions.  Mental impressions and opinions of a party and its agents are not generally protected by the work product doctrine unless they are prepared in anticipation of litigation.  *See Safeguard Lighting Sys., Inc. v. North Am. Specialty Ins. Co.*, Civ. No. 03-cv-4145, 2004 WL 3037947, *2 (E.D. Pa. Dec. 30, 2004) (citing *United States v. Nobles*, 422 U.S. 225, 238 (1975)).  To that end, "work product prepared in the ordinary course of business is not immune from discovery."  *Id.* (citing *Holmes v. Pension Plan of Bethlehem Steel Corp.*, 213 F.3d 124, 138 (3d Cir. 2000)).  Thus, as stated recently by this court in *Keefer v. Erie Ins. Exch.*, Civ. No. 13-cv-1938, 2014 WL _____ (M.D. Pa. Mar. 7, 2014), the gravamen of a claim of work product protection necessarily requires an assessment of when litigation was anticipated, which is a determination not subject to a bright-line rule.  As recognized by the Third Circuit, "[p]rudent parties anticipate litigation and begin preparation prior to the time suit is formally commenced."

7

*Martin v. Bally's Park Place Hotel & Casino*, 983 F.2d 1252, 1260 (3d Cir. 1993) (citing *In re Grand Jury Proceedings*, 604 F.2d 798, 803 (3d Cir. 1979)).  Thus, whether litigation was reasonably anticipated is a fact-dependent inquiry.

Although the court lacks the necessary evidence to determine when State Farm reasonably anticipated litigation, the court has reviewed the claims file with this standard in mind, and concludes that certain portions of the record were prepared in anticipation of litigation and should be protected.  The accompanying order reflects the court's findings in this regard.

**IV.**          **Conclusion**

Based on the foregoing and in accordance with the accompanying order, the court will order the production of certain parts of the redacted claims file and allow other parts to remain protected based on the work product privilege.

An appropriate order will issue.


                              s/Sylvia H. Rambo
                              SYLVIA H. RAMBO
                              United States District Judge

Dated:  March 10, 2014.